UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JANE DOE,

          Plaintiff,

    v.

LIVANTA LLC AND STEVEN H. STEIN,

          Defendants.

**ORDER**
20-CV-4264

LaSHANN DeARCY HALL, United States District Judge:

  Plaintiff moves to proceed under a pseudonym. (ECF No. 5.) It is within the district court's discretion to allow a plaintiff to proceed under pseudonym. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). "[T]he plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* In making the determination of whether a plaintiff may proceed by pseudonym, the Court must consider whether, *inter alia*:

> (1) "the litigation involves matters that are highly sensitive and of a personal nature";
> (2) "identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties";
> (3) "identification presents other harms and the likely severity of those harms including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity";
> (4) "the plaintiff is particularly vulnerable to the possible harms of disclosure ... particularly in light of his age";
> (5) "the plaintiff's identify has thus far been kept confidential";

*Id.* at 190 (internal quotations, citations and modifications omitted).

  Plaintiff first argues that she should be permitted to proceed by pseudonym because the medical records at issue in this case are personal and protected by the Health Insurance

Portability and Accountability Act of 1996.  (ECF 5 at 2.)  Such an argument does not support a motion to proceed via pseudonym because medical records may be filed under seal, upon motion to the Court, which addresses this concern.

Plaintiff next presses that she fears retaliation should she become publicly associated with this action as Defendant Livanta has substantial decision-making authority over Medicare payment and rules enforcement for approximately one half of the United States.  (*Id.*)  Her concern about retaliation is wholly speculative, and cannot support her motion to proceed via pseudonym.  *See Anonymous v. Medco Health Sols., Inc.*, 588 Fed. App'x 34, 35 (2d Cir. 2014) (finding plaintiff physician's concern that further public disclosure of his "personal health information" could "adversely impact his patient base" to be "speculative in nature" and too "vague and far-fetched" to justify anonymity); *see also Rives v. SUNY Downstate Coll. of Med.*, No. 20-CV-621 (RPK)(SMG), 2020 WL 4481641, at *3 (E.D.N.Y. Aug. 4, 2020) (denying motion to proceed via pseudonym where *inter alia*, plaintiff's contention that he would "suffer harm to his career from the disclosure of his identity" was speculative (internal quotations and modification omitted)).

Plaintiff further contends that she is elderly and therefore particularly vulnerable.  (ECF No. 5 at 2.)  However, a plaintiff's age supports a motion to proceed via pseudonym most commonly where the plaintiff is a minor child.  *See Sealed Plaintiff,* 537 F.3d at 187 (citing *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir.1993), which dealt with pseudonyms for children, in enumerating the fourth factor—whether "the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of his age."); *see also Doe v. Del Rio,* 241 F.R.D. 154, 158 (S.D.N.Y. 2006) ("[C]ourts have been readier to protect the privacy of infant plaintiffs than of adults, . . .  whether because children are conceived as more vulnerable or because the

2

child whose privacy is at stake has not chosen for himself or herself to pursue the litigation."); *Michael v. Bloomberg L.P.*, 14-CV-2657, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) ("Nor is this the type of unusual case involving matters of a highly sensitive or personal nature—*i.e.,* claims involving sexual orientation, pregnancy, or minor children—in which courts have justified anonymous plaintiffs proceeding pseudonymously."). The Court accordingly does not find that Plaintiff's advanced age permits her to file under a pseudonym.

Lastly, Plaintiff argues that her identity was kept confidential in prior hearings before the Office of Medicare Hearings and Appeals ("OMHA") and therefore she has been anonymous to Defendants thus far. (ECF No. 5 at 2; Compl. ¶ 36, ECF No. 1.) Plaintiff has not cited to any case where confidentiality in a previous administrative hearing—which is subject to different rules and procedures—has any bearing on a plaintiff's motion to proceed via pseudonym in federal court. The Court finds that prior confidentiality in front of OMHA does not outweigh the public interest in disclosure and potential prejudice to Defendants.

Accordingly, Plaintiff's motion to proceed via pseudonym is DENIED. Plaintiff must file an amended complaint within fourteen (14) days that complies with Federal Rule of Civil Procedure 10(a).

                                                  SO ORDERED.

Dated: Brooklyn, New York                  /s/ LDH
       September 24, 2020                      L<small>A</small>SHANN D<small>E</small>ARCY HALL
                                                  United States District Judge